**Phillip JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1969.

Henry E. Hughes, James E. Keller, Keller & Hughes, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, Joseph L. Famularo, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of the crime of murder and sentenced to life imprisonment. On this appeal he presents a single question.

At the trial several persons identified appellant as the person who had committed the crime. Some of them had theretofore picked him out in a police "line-up". At that time appellant did not have an attorney representing him.

On June 12, 1967, the United States Supreme Court held that an accused person was deprived of a constitutional right if he was subjected to a pretrial confrontation with witnesses, without the benefit of counsel. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). On the same day the court decided that the Wade and Gilbert rulings would not be given retroactive effect. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Those rulings would affect only future cases involving confrontations for identification purposes conducted after June 12, 1967. The "line-up" identifications involved in this case took place on June 6, 1967.

It is the sole contention of appellant that the prospective rule adopted by the majority in the Denno case is inconsistent, arbi-

trary, capricious and not in furtherance of justice. It is urged that the dissenting opinion of Mr. Justice Black in that case is a sound one and should be followed by us. If we did so, it would require reversal of this judgment.

In Bradley v. Commonwealth, Ky., 439 S.W.2d 61 (1969), we followed the "prospective" ruling of Denno. We have again examined the majority and the dissenting opinions in that case and we believe the considerations set forth in the majority opinion outweigh the arguments presented in the dissenting opinion. We therefore adhere to our position taken in Bradley.

Having reached the above conclusion, we find no reversible error.

The judgment is affirmed.

All concur.