Phillip **JOHNSON**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1971.

Phillip Johnson, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

This appeal is from a judgment overruling appellant's motion to set aside a judgment convicting him of wilful murder entered in Fayette Circuit Court August 6, 1968, under which he was given a life sentence for a crime alleged to have been committed on May 30, 1967.

The judgment of conviction was appealed and affirmed by this court in 1969. See Johnson v. Commonwealth, Ky., 447 S.W. 2d 93. On that appeal the appellant argued that his rights were violated by an unfair line-up without counsel and by the introduction of a photograph which unfairly suggested his identity. This court found no prejudice in the procedure of the line-up of the appellant. He volunteered to engage in the line-up process.

In this proceeding to vacate the judgment, appellant relies upon substantially the same ground as presented in his previous appeal, and we again find there was nothing prejudicial in the line-up procedure. Furthermore, as was said in the opinion of this court in 1969, the opinion in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1947), states that the accused has a right to have counsel at a pretrial confrontation with the witnesses. Wade was decided June 12, 1967, which obviously was after the date of the commission of appellant's crime. The rule announced in Wade was held on the same date not to be retroactive. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). This court further said in Johnson v. Commonwealth, supra, in referring to the Supreme Court case of Wade, supra:

"Those rulings would affect only future cases involving confrontations for identification purposes conducted after June 12, 1967."

The judgment is affirmed.

All concur.